IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00076-WDM-KLM

FERNANDO HINE RENAULD, and
HEIDY RIVERA CAMPOS,

       Plaintiffs,

v.

CITY & COUNTY OF DENVER,
OFFICER MARK MOORE,
OFFICER COLLEEN O'DELL,
OFFICER JOHN McGRAIL, and
HASSAN KIASS d/b/a ALL POINTS EXECUTIVE TRANSPORTATION,

       Defendants.

_____

## ANSWER TO COMPLAINT AND JURY DEMAND
_____

Defendants the City and County of Denver, Officer Mark Moore, Colleen O'Dell and Officer John McGrail (collectively "Defendants"), by and through their undersigned counsel, hereby submit their Answer to Plaintiffs' Complaint.

### INTRODUCTION

1.      Plaintiffs' claims are contained in Plaintiffs' Complaint which speaks for itself.  Any remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint are denied.

2.      Deny.

**PARTIES**

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of Plaintiffs' Complaint, and therefore deny the same.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of Plaintiffs' Complaint, and therefore deny the same.

5.      Defendants admit that Defendants Moore, O'Dell and McGrail were police officers of the Denver Police Department at all relevant times.  Defendants further admit upon information and belief that Defendants Moore, O'Dell and McGrail were acting under color of state law.

6.      Defendants admit upon information and belief.

7.      Defendants admit that the City and County of Denver, Colorado, is a municipal corporation, a political subdivision of the State of Colorado, and a Home Rule City and County authorized and created by Article XX of the Colorado Constitution. Defendants further admit that the City and County of Denver has final authority and responsibility for the Denver Police Department and its employees, including the Defendant Officers to the extent the law provides, and as affected and governed by the independent Denver Civil Service Commission. Any remaining allegations in Paragraph 7 of Plaintiffs' Complaint are denied.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of Plaintiffs' Complaint, and therefore deny the same.

9.      Deny.

10.     Defendants admit, upon information and belief, that Defendants were "persons" at all relevant times for purposes of 42 U.S.C. § 1983 and acted under color of law.  Defendants deny that they deprived Plaintiff of his Constitutional rights.  Any remaining allegations in Paragraph 10 of Plaintiffs' Complaint are also denied.

## JURISDICTION AND VENUE

11.     Upon information and belief, Defendants admit that the acts alleged in Plaintiffs' Complaint occurred in Denver, Colorado, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of Plaintiffs' Complaint, and therefore deny the same.

12.     Defendants admit venue is proper.

## FACTUAL ALLEGATIONS

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint, and therefore deny the same.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint, and therefore deny the same.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint, and therefore deny the same.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint, and therefore deny the same.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint, and therefore deny the same.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint, and therefore deny the same.

19.     Defendants admit that DPD-08-0029970 is the incident number identified on the CAD report.  Defendants further admit that the Defendant Officers' log sheets identify the incident as a theft of services.  More specifically, Defendants admit that Defendant Officer Moore's log sheet states "theft of services for limo fare costing 2,448 dollars." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint, and therefore deny the same.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint, and therefore deny the same.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint, and therefore deny the same.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint, and therefore deny the same.

23.     Defendant Officers admit they contacted Plaintiff Renauld.  Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     Deny.

25.     Defendant Officers admit that they conducted an investigation for a short period of time.  Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Deny.

27.     Defendant Officers admit that they temporarily detained Plaintiff Renauld for a short period of time while they conducted an investigation.  Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendant Officers admit that they were advised of Plaintiff Renauld's prior health issues.  Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendant Officers admit that they temporarily detained Plaintiff Renauld for a short period of time while they conducted an investigation.  Defendant Officers admit that Plaintiff Renauld called his wife and that Defendant Officers talked with

Plaintiff Campos.  Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

      30.    Deny.

      31.    Defendant Officers admit that one officer went with Plaintiff Campos to speak with Hassan.  Defendant Officers further admit that Plaintiff Renauld was directed to sit down for a short time while the investigation was being conducted.  Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

      32.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint, and therefore deny the same.

      33.    Defendants admit that Plaintiff Campos made a phone call.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of Plaintiffs' Complaint, and therefore deny the same.

      34.    Deny.

      35.    Defendants lack knowledge or information regarding the exact conversation with Plaintiff Campos sufficient to form a belief about the truth of the allegations in Paragraph 35 of Plaintiffs' Complaint, and therefore deny the same.

      36.    Defendants admit that the Defendant Officers left after Hassan withdrew his complaint.  Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint.

      37.    Defendants deny that Plaintiff Renauld was not a potential threat to the safety of himself or others.  Defendants further deny that at the time, Defendant Officers

knew that Plaintiff Renauld had not committed any criminal offense as the Defendant Officers were conducting an investigation and were without knowledge as to whether a crime had been committed.  Defendants admit that Plaintiff Renauld was not intoxicated or incapacitated.  Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Although Plaintiff Renauld was not arrested, Defendants admit that they did not have a warrant for Plaintiff Renauld's arrest.  Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Deny.

40.     Defendants deny Paragraph 40 of Plaintiffs' Complaint including all of its subparts.

41.     Defendants deny Paragraph 41 of Plaintiffs' Complaint including all of its subparts.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983 Against Individual Defendants)

42.     Defendants incorporate by reference previous answers to all allegations contained in paragraphs 1-41 of Plaintiffs' Complaint.

43.     Plaintiffs' claims are contained in Plaintiffs' Complaint which speaks for itself.  Any remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied.

44.     Deny.

## SECOND CLAIM FOR RELIEF

### (False Arrest and Imprisonment Against Individual Defendants)

45.     Defendants incorporate by reference previous answers to all allegations contained in paragraphs 1-44 of Plaintiffs' Complaint.

46.     Deny.

47.     Defendants admit that while Defendants Officers were conducting their investigation, Plaintiff Renauld was directed to remain seated.  Defendants deny the remaining allegation contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Deny.

49.     Deny.

50.     Admit, upon information and belief.

## THIRD CLAIM FOR RELIEF

### (Assault and Battery Against Individual Defendants)

51.     Defendants incorporate by reference previous answers to all allegations contained in paragraphs 1-50 of Plaintiffs' Complaint.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Admit, upon information and belief.

## FOURTH CLAIM FOR RELIEF

### (42 U.S.C. § 1983 Against the City and County of Denver)

57.    Defendants incorporate by reference previous answers to all allegations contained in paragraphs 1-56 of Plaintiffs' Complaint.

58.    Deny.

59.    Deny.

60.    Deny.

61.    Upon information and belief, Defendants admit to the allegation in Paragraph 61 of Plaintiffs' Complaint.

62.    Deny.

## FIFTH CLAIM FOR RELIEF

### (Extreme and Outrageous Conduct Against Individual Defendants)

63.    Defendants incorporate by reference previous answers to all allegations contained in paragraphs 1-62 of Plaintiffs' Complaint.

64.    Deny.

65.    Deny.

66.    Deny.

## SIXTH CLAIM FOR RELIEF

### (C.R.S. § 18-4-405 – Civil Theft Against Individual Defendants)

67.    Defendants incorporate by reference previous answers to all allegations contained in paragraphs 1-66 of Plaintiffs' Complaint.

68.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of Plaintiffs' Complaint, and therefore deny the same.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

## SEVENTH CLAIM FOR RELIEF

### (Civil Conspiracy Against Individual Defendants)

73.     Defendants incorporate by reference previous answers to all allegations contained in paragraphs 1-72 of Plaintiffs' Complaint.

74.     Deny.

75.     Deny.

76.     Deny.

77.     JURY DEMAND - Defendants demand a trial by jury pursuant to Fed.R.Civ.P. 38.

78.     Defendants deny each and every allegation of Plaintiffs' Complaint not specifically admitted herein, and further deny that Plaintiffs are entitled to any of the relief requested by Plaintiffs in their Prayer for Relief.

## AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

1.     Plaintiffs have failed to state a claim upon which relief may be granted.

2.      The policies of the City conform to established constitutional and statutory law.

3.      The City's training, supervision and discipline of its police officers in the use of force and arrest procedures met or exceeded constitutional and statutory standards.

4.      Plaintiffs' claims against Defendants are barred, limited, and controlled by the Colorado Governmental Immunity Act, C.R.S. § 24-10-101 to C.R.S. § 24-10-120.

5.      Plaintiffs' damages and injuries, if any, were neither the proximate result of any negligent acts or omissions of any Defendant nor did any Defendant breach a duty owed to the Plaintiffs.

6.      Plaintiffs are not entitled to recover any amounts paid or provided by a collateral source. C.R.S. § 13-21-111.6.

7.      Plaintiffs have failed to mitigate their alleged damages.

8.      Plaintiffs' damages, if any, were caused solely or in part by Plaintiffs' own comparative fault, unlawful actions, or negligence equal to or greater than any negligence of any Defendant, which is specifically denied, so as to proportionately reduce or bar Plaintiffs' recovery pursuant to C.R.S. § 13-21-111.

9.      Plaintiffs' claims are barred or limited by the doctrines of sovereign official and/or qualified, immunity.

10.     Plaintiffs' civil rights and constitutional claims against the City of Denver are barred as a matter of law by *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

11.     Plaintiffs' claimed losses did not result from any official policy, custom, usage or practice established by the final policy maker or someone whose acts or edicts may be fairly said to represent official policy.

12.     Defendant police officers were lawfully exercising the powers conferred upon them pursuant to C.R.S. §§ 16-3-101 through -110 and C.R.S. § 18-4-407; were exercising their public duties as law enforcement officers pursuant to C.R.S. § 18-1-701; and were justified in any use of force pursuant to C.R.S. § 18-1-707 and § 18-1-710.

13.     Defendant Officers are entitled to entry of judgment against Plaintiffs and/or Plaintiffs' attorney for their attorney fees and costs incurred in defending against Plaintiffs' groundless and/or frivolous and/or vexatious claims, pursuant to C.R.S. § 13-17-102 and 28 U.S.C. § 1927, and for attorney fees against the Plaintiffs or Plaintiffs' attorney for allegations of willful and wanton behavior that are not substantially prevailed upon pursuant to C.R.S. § 24-10-110(5)(c).

14.     Plaintiffs' Complaint is vague and ambiguous as to the claims alleged, and Plaintiffs' claims are barred or limited by the legal doctrines of limitations, laches, assumption of risk and contributory and/or comparative negligence as well as the Doctrines of Issue and Claim Preclusion.

15.     Defendants specifically reserve the right to amend their Answer to add such other affirmative defenses as may become known through discovery or are supported by the evidence.

16.     Subject matter jurisdiction is lacking with regard to Plaintiffs' Constitutional claim and Plaintiffs' civil rights claim inasmuch as the conduct alleged fails to rise to the level of a deprivation of a Federal Constitutional right.

17.     The individually-named Defendant Officers are entitled to Qualified Immunity on Plaintiffs' "constitutional" claim and on Plaintiffs' claim asserted under Title 42 U.S.C. § 1983 because the actions of the individual Defendant Officers were at all times undertaken in good faith and were objectively reasonable under the circumstances with which the Defendant Officers were confronted.  Further, the individually named Defendants did not engage in conduct which violated Plaintiffs' Constitutional rights and/or which violated law which was clearly established at the time of the actions complained of.

**WHEREFORE**, the Defendants having fully answered the Plaintiffs' Complaint respectfully request that the Court grant relief as follows: dismiss Plaintiffs' Complaint with prejudice; enter judgment in favor of the Defendants and against Plaintiffs on all claims and for Defendants' attorney's fees and costs; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of March, 2010.

STUART SHAPIRO
Assistant City Attorney

By:   s/ *Stuart Shapiro*
    Stuart Shapiro
Office of the Denver City Attorney
Litigation Section
201 West Colfax Avenue, Dept. 1108

Denver, Colorado 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3182
E-mail: dlefiling.litigation@denvergov.org
*Attorney for Defendants City and County of
Denver, Moore, O'Dell and McGrail*

## CERTIFICATE OF SERVICE BY CM/ECF

I hereby certify that on the 2nd day of March, 2010, the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses as follows, or as provided to the Court:

Diego G. Hunt, Esq.
dghunt@hollandhart.com

A. Bruce Jones, Esq.
bjones@hollandhart.com

s/ Raquel R. Trujillo
Raquel R. Trujillo, Legal Secretary
Office of the City Attorney