IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00076-WDM-KLM

FERNANDO HINE RENAULD, AND
HEIDY RIVERA CAMPOS

    Plaintiffs,

v.

CITY & COUNTY OF DENVER,
OFFICER MARK MOORE,
OFFICER COLLEEN O'DELL,
OFFICER JOHN MCGRAIL, and
HASSAN KIASS d/b/a ALL POINTS EXECUTIVE TRANSPORTATION,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to the **Order to Show Cause** [Docket No. 27] issued on November 19, 2010. Plaintiffs failed to comply with the Order and failed to show cause why their case should not be dismissed pursuant to Fed. R. Civ. P. 41(b). Because Plaintiffs are proceeding *pro se*, the Court has given them multiple opportunities to comply with its orders and prosecute their case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiffs' advocate and it must recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiffs' case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Summary of the Case

On January 13, 2010, Plaintiffs filed their Complaint [Docket No. 1]. At that time, Plaintiffs were represented by counsel. On October 19, 2010, Plaintiffs' counsel filed a Motion to Withdraw as Counsel [Docket No. 24]. The Motion was granted, and Plaintiffs proceeded in the case *pro se*. *See Minute Order* [Docket No. 26]. A Settlement Conference in this case was scheduled for November 18, 2010. *See Minute Order* [Docket No. 20]. Plaintiffs failed to appear at the Settlement Conference and they did not contact the Court to explain their absence. Plaintiffs also failed to file a Confidential Settlement Statement by the deadline of November 12, 2010. *See id.* Due to Plaintiffs' failure to appear at the Settlement Conference and noncompliance with the Court's Order [#20], the Court issued an Order to Show Cause [#27] on November 19, 2010. The Order stated as follows: "Failure to respond and show good cause for Plaintiffs' nonappearance at the Settlement Conference and noncompliance with the Court's Order [#20] will result in the issuance of a recommendation to dismiss this case." *Order to Show Cause* [#27]. To date, Plaintiffs have neither filed a notice or motion nor informally contacted the Court to explain their failure to prosecute this case.

## II. Analysis

Given Plaintiffs' failure to prosecute their case, the Court considers whether the case should be dismissed with prejudice as a sanction pursuant to Fed. R. Civ. P. 41(b).[1] *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a

---

[1] While the Court could recommend dismissal solely on the basis of Fed. R. Civ. P. 4(m), such dismissal would be without prejudice. Given Plaintiffs' failure to comply with two Court Orders [#20 and 27], the Court considers whether dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) would be more appropriate.

district court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to plaintiffs' failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008); D.C. Colo. L. Civ. R. 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or magistrate judge exercising consent may enter an order of dismissal with or without prejudice.").

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted), the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[2] *See also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### A.     **Prejudice to Defendant**s

After carefully reviewing the case file, the Court finds that Plaintiffs' neglect of this case has prejudiced Defendants.  Defendants expended time and resources to appear at

---

[2] The Court notes that the standards for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) are essentially the same.  *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").


the Settlement Conference on November 18, 2010, where they were required to waitto see whether Plaintiffs would appear. Defendants also expended time and resources to prepare a Confidential Settlement Statement in compliance with the Court's Order [#20] of August 8, 2010. It would further waste Defendants' time and resources to require them to affirmatively seek dismissal of this action. While the prejudice to Defendants thus far has not been egregious, were the case to proceed, Defendants would be required to incur additional expense to defend against claims which Plaintiffs are apparently no longer interested in prosecuting.

### B.    Interference with the Judicial Process

The Court finds that Plaintiffs' failure to prosecute their case, and specifically their failure to comply with Court Orders [#20 and 27], necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiffs' failure to follow Court Orders evidences a lack of respect for the Court and the judicial process. In addition, the Court's need to frequently review the case file and issue the Order to Show Cause [#27] and this Recommendation, which were necessitated by Plaintiffs' neglect, increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This [Recommendation] is a perfect example [of additional work created for the Court], demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).

### C.    Culpability of Plaintiffs

Plaintiffs have, without any reasonable excuse, ignored Court Orders [#20 and 27] and failed to move their case forward.  Specifically, Plaintiffs have failed to show cause why their case should not be dismissed.  They have not provided any justification for their failure to appear at the Settlement Conference on November 18, 2010 and their failure to submit a Confidential Settlement Statement.  From this history, the Court concludes that Plaintiffs' litigation failures are willful.

### D.     Advance Notice of Sanction of Dismissal

Plaintiffs were warned by the Court that they risked dismissal of their case if they failed to move it forward.  *Order to Show Cause* [#27].  Although Plaintiffs are proceeding *pro se*, they are required to read and follow the rules of the Court.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Accordingly, it should be no surprise to Plaintiffs that their failure to prosecute their case could result in the sanction of dismissal.

### E.     Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective.  Nothing in the record before the Court excuses Plaintiffs' neglect.  Given that Plaintiffs have failed to contact the Court at all since the withdrawal of their counsel on October 19, 2010, an additional order to obtain their compliance with the Court's prior Orders is likely to be ineffective.  Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.  While the Court could recommend dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m), given the circumstances at issue here, the Court recommends dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

## III.  Conclusion

For the foregoing reasons, IT IS HEREBY **ORDERED** that the Order to Show Cause [#27] is made **ABSOLUTE**. Accordingly,

I respectfully **RECOMMEND** that Plaintiffs' case against Defendants be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 8, 2010

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge